UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL T. TURNER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16CV00153 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on petitioner Turner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, which is based on his claim that he should not have been sentenced as an armed career criminal.

As noted by the Government and Turner, three prior convictions for violent felonies and/or serious drug offenses are required to permit a defendant to be classified as an Armed Career Criminal. In Turner's Amended Petition, he agrees that two of his prior felony convictions qualify as Armed Career Criminal Act ("ACCA") predicates: (1) his conviction in 2002 for Missouri Second Degree Assault (Resentencing PSR ¶ 41), and his conviction in 2007 for Missouri Second Degree Assault (Resentencing PSR ¶ 43). (See Turner's Amended Motion, p. 7, "Under *Fogg* and *Johnson*, only the Petitioner's two Missouri convictions for assault in the second degree from Dunklin and St. Francois counties qualify as ACCA predicates.").

The only question presented by this case, then, is whether Turner's conviction for Indiana Recklessness (Resentencing PSR ¶32) was properly classified as a violent felony

in the PSR. Turner's theory is that the state statute of conviction for his crime did not require a sufficient degree of force to qualify as an "elements" clause violent felony because the conviction was based on a mens rea of "recklessness." In his brief, Turner now "admits that his argument is foreclosed by the Eighth Circuit's recent decision in *United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016)," which held that reckless conduct does constitute a "use" of force under the ACCA.

Because Turner had been convicted of these prior violent felonies, he was properly sentenced as an armed career criminal. His motion is denied.

**SO ORDERED** this 14th day of April, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE