# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

SAMUEL T. TURNER,                     )
                                 )
                                 )
                                 )
    Petitioner,        )   **Case No. 1:16cv153 SNLJ**
                                 )
   vs.                     )
                                 )
UNITED STATES OF AMERICA,             )
                                 )
    Respondent.         )

## MEMORANDUM & ORDER

This matter is before the Court on petitioner's application for a certificate of appealability (#24). Petitioner seeks to appeal the Court's denial of his claim that he is no longer an Armed Career Criminal under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

This Court denied petitioner's 28 U.S.C. § 2255 petition and his motion to vacate his sentence as an Armed Career Criminal based upon the Eighth Circuit's decision in *United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016). *Fogg* held that reckless conduct constitutes a "use" of force under the "force clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i). Petitioner acknowledged that this Court must adhere to Eighth Circuit precedent such as *Fogg*, but he also maintains that *Fogg* was decided in error and was a misapplication of the Supreme Court's holding in *Voisine v. United States*, 136 S. Ct. 2272 (2016). Petitioner observes that other district courts in other jurisdictions are in disagreement with *Fogg* and have declined to extend the holding

of *Voisine* to the ACCA. *See, e.g.*, *Davis v. United States*, 3:01-CR-83-RLJ-HBG-1, 2017 WL 1380558, at *6 (E.D. Tenn. Apr. 17, 2017); *United States v. Sabetta*, No. 00-cr-135-PAS, 2016 WL 6157454, at *3 (D.R.I. Oct. 24, 2016); *Jaramillo v. United States*, 1:05-CR-136 TS, 2016 WL 5947265, at *7 (D. Utah Oct. 13, 2016); *Bennett v. United States*, No. 1:16-cv-251-GZS, 2016 WL 3676145 at *4 (D. Me. July 6, 2016).

To appeal this Court's decision, petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c). A certificate of appealability is allowed where the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted)).

Although the presence of a Circuit split might warrant such a finding, *see Harkum v. United States*, 1:03CR47-02, 2016 WL 5137417, at *5 (N.D.W. Va. Sept. 21, 2016), here, the only Circuit courts to have spoken on the matter are the Fifth and Eighth Circuits, and they are in agreement. *See Fogg*, 836 F.3d 951, and *United States v. Howell*, 838 F.3d 489, 501 (5th Cir. 2016). It is not clear to this Court whether the showing for a certificate of appealability may be met by pointing to district courts that disagree with the sitting court's Circuit Court of Appeals. In the absence of Eighth

Circuit authority on that matter, this Court declines to issue the certificate of appealability to petitioner.

Accordingly,

IT IS HEREBY ORDERED that the petitioner's application for a certificate of appealability is DENIED.

Dated this ___15th___ day of June, 2017.


_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE